UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| SOUTHERN NEVADA TBA SUPPLY COMPANY dba TED WIENS TIRE AND AUTO CENTERS, | Case No.: 2:15-cv-00046-GMN-NJK |
| Plaintiff, | ORDER |
| vs. |  |
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, |  |
| Defendant. |  |

Pending before the Court is the Motion to Reconsider (ECF No. 34) filed by Plaintiff Southern Nevada TBA Supply Company dba Ted Wiens Tire and Auto Center ("Wiens"), seeking reconsideration of this Court's Order (ECF No. 32) dismissing Wiens's Complaint with prejudice. Defendant Universal Underwriters Insurance Company ("Universal") filed a Response in Opposition (ECF No. 38).

I.  **BACKGROUND**

Wiens initiated this action by filing its Complaint (ECF No. 3-1) in Nevada state court on October 23, 2014. In the Complaint, Wiens alleges Universal has issued several insurance policies numbered UN5-265756, UN5-265756A, and UN5-265756B to Wiens covering a period from May 1, 2005 to May 1, 2008 (the "Policies"). (Compl. ¶ 5, ECF No. 3-1). The Policies allegedly provide coverage to Wiens for injuries, costs, and expenses "arising out of" or "caused by" "(1) [Wiens]'s garage operations and (2) a request, demand, order, claim or suit by or on behalf of a governmental authority demanding that [Wiens] test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to or assess the effects of pollutants occurring away from premises owned, operated or rented by [Wiens]." (*Id.* ¶¶ 6–8)

(emphasis omitted).  The Policies also allegedly contain a "pollution exclusion" which provides: "Coverage does not apply to injury or pollution damages arising out of actual, alleged, or threatened discharge, dispersal, release, migration, seepage, or escape of pollutants at or from premises owned, rented, or occupied by [Wiens]." (*Id.* ¶ 9) (emphasis omitted). However, Wiens asserted that this exclusion was not applicable to any pollution damages that had "migrated, discharged, dispersed, released, or seeped, in whole or in part, from premises owned rented or occupied by persons or entities other than Wiens" or had only partially "migrated, discharged, dispersed, released, or seeped from premises owned, rented or occupied by Wiens." (*Id.* ¶ 10) (emphasis omitted).

On December 10, 2007, a complaint was filed in Nevada state court alleging that certain plaintiffs suffered damages to their residential properties from the "Maryland Square PCE Plume" at the former site of the Al Phillips the Cleaner in the Maryland Square shopping center in Las Vegas, Nevada. (*Id.* ¶ 22).  Likewise, on November 19, 2008, a complaint was filed in an action before this Court (the "Underlying Federal Action") containing almost identical allegations to the first state court suit. (*Id.* ¶ 24).  While, Wiens was not originally named in either of these first two actions, on February 3, 2010, a third-party complaint was filed in the Underlying Federal Action naming Wiens as a defendant and alleging that "in 1993, a reported spill at the Ted Wiens Service Center was investigated, and that Wiens "may have contributed to the PCE plume alleged by the Plaintiffs." (*Id.* ¶¶ 25–27); *see also* (Third Party Compl. ¶¶ 40–54, Ex. A. to Reply, ECF No. 23).  Subsequently, on September 1, 2010, a third party complaint was filed in a second Nevada state court action (the "Underlying State Action") naming Wiens as a Defendant and alleging that "in 1993, a reported spill at the Ted Wiens Service Center was investigated." (Compl. ¶¶ 28–30, ECF No. 3-1); *see also* (SAC in Underlying State Action ¶¶ 71–84, Ex. B. to Reply, ECF No. 23).  The complaints in both the Underlying Federal Action and the Underlying State Action allege spills by both Wiens and

other defendants that may have contributed to PCE Plume. (Compl. ¶¶ 27, 31, ECF No. 3-1). Wiens was ultimately dismissed from both actions. (*Id.* ¶¶ 33–34).

Wiens contends that it timely tendered to Universal a requests for a defense in both of the suits naming Wiens, but Universal determined that it was not obligated to provide coverage because "the alleged injury was caused by the release of [p]ollutants located on [Wiens's] property," and therefore the pollution exclusion precluded coverage. (*Id.* ¶¶ 35–38). Accordingly, Universal refused to provide coverage. (*Id.* ¶ 39).

Following Universal's refusal to cover Wiens's costs in defending the two underlying actions, Wiens filed the present action, asserting claims against Universal for breach of contract, contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, violation of Nevada Revised Statutes § 686A.310, and declaratory relief. (*Id.* ¶¶ 40–71). Universal subsequently removed the action to this Court and filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. After considering the arguments raised by both parties, this Court found that Universal had no duty to defend Wiens in the underlying actions under the Policies and granted the Motion to Dismiss. (Order 10:23–11:6, ECF No. 32). Wiens has now filed the present Motion to Reconsider, asking the Court to reverse its previous Order grating the Motion to Dismiss.

### II.   LEGAL STANDARD

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also United States v. Martin*, 226 F.3d 1042, 1048, n.8 (9th Cir. 2000). When a motion to reconsider is timely filed within the 28-day period specified under the statute, it is treated as a Rule 59(e) motion. *See Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

Motions for reconsideration under Rule 59(e) are committed to the discretion of the trial court. *See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). However, absent highly unusual circumstances, a district court should not grant a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure unless the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263; *see also Allstate Ins. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Furthermore, although the court enjoys discretion in granting or denying a motion under this rule, "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Herron*, 634 F.3d at 1111 (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)) (internal quotations omitted).

### III.   DISCUSSION

In its motion, Wiens fails to demonstrate any of the causes justifying reconsideration under Rule 59(e). Wiens asserts that the Court erred by: (1) only considering one of the three sections of the Policies which may provide coverage, (2) finding that the one section of the Policies that was analyzed does not provide coverage, and (3) failing to give Wiens leave to amend its Complaint. (Mot. to Reconsider 2:3–22, ECF No. 34). However, Wiens's arguments make no showing of new evidence, clear error, or change in the controlling law, and do not justify granting a motion for reconsideration. *See School Dist. No. 1J. Mutlinomah County*, 5 F.3d at 1263 (A district court should not grant a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure unless the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.").

Regarding Wiens's first argument, though the Court did not quote the entirety of the policy provisions cited in the Complaint, the Court did consider those provisions in determining

that Universal had no duty to defend Wiens in the underlying actions.[1]  Wiens's arguments to the contrary are nothing more than a restatement of the arguments raised in their opposition to the Motion to Dismiss, which the Court again rejects.  Likewise, Wiens's contention that the Court erred in rejecting coverage under the third provision is nothing more than a rehashing of its arguments against the Motion to Dismiss and is again rejected.  Finally, regarding Wiens's contention that the Court should have given it leave to amend, Wiens has failed to offer or even suggest the existence of any new allegations of facts or provisions of the Policies that were not presented in the original Complaint and would alter the Court's original determination.  Therefore, its motion further supports rather than undercuts the Court's earlier finding that amendment would be futile.  Accordingly, Wiens has failed to show that the "extraordinary remedy" of reconsideration is appropriate in this case, and Wiens's Motion for Reconsideration is denied.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Wiens's Motion to Reconsider (ECF No. 34) is **DENIED**.

**DATED** this __11__ day of December, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[1] The provisions Wiens asserts were "ignore[d]" by the Court, portions of Coverage Part 950 and Coverage Part 980, contain similar language and result in an identical analysis and outcome as their counterpart portion of Coverage Part 500, which was quoted in full in the Order.  Coverage Part 500 covers damages "arising out of" Wiens's "GARAGE OPERATIONS" and suits on behalf of governmental authorities as quoted above in this Order. *See supra* Part I.  Coverage Parts 950 and 980 cover damages "arising out of" Wiens's "premises" or suits on behalf of governmental authorities and only if these damages are also "arising from" Wiens's "PRODUCT or WORK." (Compl. ¶¶ 7–8, ECF No. 3-1).  Further, "garage operations" are defined "in relevant part to include ownership, maintenance or use of that portion *of any premises* where the named insured conducts business. . . ." (*Id.* ¶ 16) (emphasis added).  Accordingly, these provisions, which are also limited by the same pollution exclusion limiting Coverage Part 500, *see* (*id.* ¶¶ 9, 16–19), are just as—if not more—restrictive in their coverage as Coverage Part 500 and similarly do not result in coverage of the claims in the underlying actions.